1:24MJ05PAS

## AFFIDAVIT OF SPECIAL AGENT MADISON TEMPLE

I, Madison Temple, having been duly sworn, hereby depose and state as follows:

1. I make this affidavit in support of an application for a complaint charging Kyle Paul REYNOLDS (YOB: 1982) with the offense of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1).

## INTRODUCTION AND AGENT BACKGROUND

2. I am a Special Agent with the Federal Bureau of Investigation (FBI).  I have been in this position since June 6, 2021. I am assigned to the Joint Terrorism Task Force (JTTF) with the Providence Resident Agency (RA) of the FBI Boston Division. Prior to being sworn as a Special Agent, I worked as a Probation/Parole Officer with the North Carolina Department of Public Safety in New Hanover and Pender counties in North Carolina for approximately four and half years. Since being sworn as a Special Agent with the FBI, I have been responsible with conducting national security investigations of potential violations of federal criminal law, specifically relating to domestic terrorism. Through on-the-job training and experience, I have become knowledgeable on the strategy, tactics, methods, ideology, and practices of racially and ethnically motivated violent extremists, religiously motivated violent extremists, and anti-government/anti-authority violent extremists. Pursuant to my duties as a Special Agent, I have received training in federal firearm prohibition laws. In this regard, I know that it is a violation of 18 U.S.C. § 922(g) to possess ammunition as a convicted felon.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## RELEVANT STATUTE

4. Title 18 U.S.C. § 922(g)(1) provides, in relevant part, "it shall be unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year…to possess in or affecting interstate commerce, any firearm or ammunition, or to receive a firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

## BASIS FOR PROBABLE CAUSE

5. On January 23, 2024, agents from the Providence Resident Agency of the United States Federal Bureau of Investigation (FBI) executed a previously obtained federal warrant authorizing the search of 22 Dudley Avenue South, Middletown, Rhode Island, the residence of REYNOLDS (REYNOLDS RESIDENCE). [1]

6. Near 7:00 AM on January 23, 2024, a task force officer with the FBI established surveillance near the residence, in anticipation of executing the warrant. At approximately 10:40 AM, agents and task force officers observed REYNOLDS drive a 2019 Mazda6, RI registration IM 742, color white, down the driveway and from the residence. Agents followed as the vehicle was driven directly to Classic Insurance, 126 West Main Street, Middletown, RI. Agents observed that REYNOLDS remained in his vehicle for several minutes before exiting and entering Classic Insurance.

7. Near 10:45 AM agents and task force officers drove up to the REYNOLDS RESIDENCE. Upon arrival they observed REYNOLDS' father standing in the driveway of 16 Dudley Avenue South. 16 Dudley Avenue South is next to 22 Dudley Avenue South and is the residence of REYNOLDS's father. Near this time, agents and task force

---

[1] Case no. 24-SW-6-PAS (Sealed).

officers approached the front door of the REYNOLDS RESIDENCE, knocked on the door, announced their presence and advised that they possessed a search warrant for the residence. After receiving no response, forced entry was made into the residence.

8. Once inside the REYNOLDS RESIDENCE, agents and officers did a quick protective sweep of the property and located no one. Investigators then undertook a systematic search of the residence and observed evidence that someone was actively residing at the residence. The investigators located mail addressed to REYNOLDS at 22 Dudley Avenue South, Middletown. The mail was found at various locations within the residence. There were several bedrooms in the residence. Two bedrooms were on the first floor. One had no bed and contained equipment used for exercising. A second first floor bedroom appeared to be occupied with a bed that had linens, male clothing appropriate to REYNOLDS' build and other personal items. In this bedroom agents located mail addressed to REYNOLDS.

9. In the occupied first floor bedroom containing REYNOLDS personal items, agents located and seized:

    a. a metal ammunition box, color green, with a stated capacity of 420 cartridges. I observed that it appeared full, or nearly full with Winchester 556 ammunition. I know that this ammunition is designed for use in a variety of long-barreled rifles. The ammunition box was on the floor of the occupied first floor bedroom.

    b. On the floor of this same bedroom, agents located and seized a backpack containing shotgun ammunition. The approximate amount of shotgun ammunition seized from the backpack was 271 rounds.

    c. Near the backpack agents located and seized a tote bag containing additional rounds of shotgun ammunition. The approximate amount of shotgun ammunition seized from the tote bag was 390 rounds.

    d. Agents located a bandolier in a dresser in this occupied bedroom. The bandolier was outfitted with approximately fifty-four rounds of shotgun ammunition. Additionally, there were four loose rounds of shotgun ammunition located nearby.

10. Upon discovery of the ammunition at the REYNOLDS RESIDENCE, agents arrested REYNOLDS at Classic Insurance.

## REYNOLD's CRIMINAL HISTORY

11. According to information obtained from the Rhode Island Judiciary, on August 13, 2008, REYNOLDS pled nolo contendere in Newport Superior Court to the charge of Assault on Person Over 60. That same date he was sentenced to 5 years at the Adult Correctional Institution, ordered to serve the first 6 months of that sentence, with the remaining term of 54 months suspended, with 54 months' probation.

## CONCLUSION

12. Based on the foregoing, I respectfully submit that there is probable cause to believe that Kyle REYNOLDS (YOB: 1982) committed the offense of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1).

WHEREFORE, this affiant requests that this Court issue the requested criminal complaint and arrest warrant.

Respectfully submitted,

Madison Temple
Special Agent

Federal Bureau of Investigations

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by **Telephone**. **Sworn telephonically and signed electronically**
*(specify reliable electronic means)*

January 23, 2024
Date

*Judge's signature*

**Providence, Rhode Island**
*City and State*

**Patricia A. Sullivan, USMJ**
*Magistrate Judge Patricia A. Sullivan*