UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal Case No. 1:24-CR-12-MRD-PAS |
| KYLE REYNOLDS, Defendant. | SUPERSEDING |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, the United States and Defendant, Kyle REYNOLDS, have reached the following agreement:

1. Defendant's Obligations.

    a. Defendant will plead guilty to Count Two of the Superseding Indictment, which charges Defendant with Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

    b. Defendant further agrees that the time between the filing of this plea agreement and the scheduled date for the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

    c. The United States and Defendant hereby agree that: the JTS 12 gauge shotgun serial number XF05202301123827S8 and the Windham AR-15 serial number WW2264095, which are firearms as defined in 18 U.S.C. § 921, and currently in the custody and/or control of the Federal Bureau of Investigation, as well as approximately 420 rounds of Winchester 556 ammunition and 719 rounds of shotgun

ammunition, currently in the custody and/or control of the Federal Bureau of Investigation, were each properly seized and were involved in or used in a violation of 18 U.S.C. § 922(g)(1) to which Defendant has pled guilty. Defendant agrees that the firearms and ammunition are subject to forfeiture to the United States pursuant to 18 U.S.C. § 924. Defendant hereby relinquishes to the United States of America any claim, title and interest Defendant has in said firearms. Defendant agrees to withdraw any claim made in any civil, administrative or judicial forfeiture brought against said firearms and ammunition and further agrees not to oppose any civil, administrative or judicial forfeiture of said firearms and ammunition.

    2.    Government's Obligations. In exchange for Defendant's plea of guilty:

    a.    The government will recommend that the Court impose a term of imprisonment within the range of sentences for the offense level determined by the Court under the United States Sentencing Guidelines (the U.S.S.G. or "guidelines"), but not including probation or a "split-sentence," even if permitted under the guidelines. In the event that the Court subsequently recalculates Defendant's guideline range as the result of a retroactive guideline amendment, the government reserves the right to advocate for a term of imprisonment up to and including the length of the term of imprisonment that the Court originally imposed upon Defendant pursuant to this Agreement so long as it is not higher than the government's original agreed-upon recommendation range as they existed under the guidelines in effect at the time of this plea agreement.

  b. For purposes of determining the offense level, the government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of the guidelines if Defendant continues to demonstrate acceptance of responsibility through sentencing.

  c. As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty. If the offense level is 16 or greater and Defendant enters a plea of guilty pursuant to this agreement, the government will move the sentencing Court for an additional decrease of one level, pursuant to U.S.S.G. § 3E1.1(b), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

  d. The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

  e. The government will, at the time of sentencing, move to dismiss Counts One and Three of the Superseding Indictment.

3. Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

4. The United States and Defendant stipulate and agree to the following facts under the guidelines:

      a. Beginning on a date unknown, until on or about January 2, 2024, the defendant possessed a JTS 12 gauge shotgun serial number XF05202301.12382758 in the District of Rhode Island.

      b. Beginning on a date unknown, until on or about January 2, 2024, the defendant possessed a Windham AR-15 serial number WW2264095 in the District of Rhode Island.

      c. On January 23, 2024, the defendant possessed approximately 420 rounds of Winchester 556 ammunition and 719 rounds of shotgun ammunition in the District of Rhode Island.

5.    Except as expressly provided in the preceding paragraph, there is no agreement as to which Offense Level and Criminal History Category applies in this case. Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the guidelines calculation.

6.    The maximum statutory penalties for the offense to which Defendant is pleading are:

Ten years imprisonment; a fine of $ 250,000; a term of supervised release of 3 years; a mandatory special assessment of $100.

7.    Defendant agrees that, after Defendant and Defendant's counsel sign this plea agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a

4

previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for acceptance of responsibility.

8. Defendant is advised and understands that:

    a. The government has the right, in a prosecution for perjury or making a false statement, to use against Defendant any statement that Defendant gives under oath;

    b. Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

    c. Defendant has the right to a jury trial;

    d. Defendant has the right to be represented by counsel – and if necessary have the Court appoint counsel – at trial and every other stage of the proceeding;

    e. Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

    f. Defendant waives these trial rights if the Court accepts a plea of guilty.

    g. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable or deportable offenses. Likewise, if Defendant is a naturalized citizen of the United States, pleading guilty may result in denaturalization as well as removal and deportation. Removal, deportation, denaturalization, and other immigration consequences are the subject of separate

proceedings, however, and Defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his removal or deportation from the United States or his denaturalization.

9. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

10. Except for paragraphs 2 and 4, above, the parties have made no agreement concerning the application of the guidelines in this case.

11. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that even if the Court's guideline determinations and sentence are different than Defendant expects, Defendant will not be allowed to withdraw Defendant's plea of guilty.

12. Defendant hereby waives Defendant's right to appeal the conviction and sentence imposed by the Court, if the sentence imposed by the Court is within or below the sentencing guideline range determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

13. This agreement is binding on the government only if Defendant pleads guilty, fulfills all Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if Defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw Defendant's guilty plea.

14. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

15. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

16. Counsel for Defendant states that Counsel has read this agreement, been given a copy of it for Counsel's file, explained it to Defendant, and states that to the best of Counsel's knowledge and belief, Defendant understands the agreement.

17. Defendant states that Defendant has read the agreement or has had it read to Defendant, has discussed it with Defendant's Counsel, understands it, and agrees to its provisions.

_____  
KYLE REYNOLDS  
Defendant

3/2/26  
Date

_____  
JOANNE M. DALEY, ESQ.  
Counsel for Defendant

3/2/26  
Date

_____  
PAUL F. DALY, JR.  
Assistant U.S. Attorney

3/13/2026  
Date

_____  
STACEY A. ERICKSON  
Assistant U.S. Attorney  
Chief, Criminal Division

3/13/2026  
Date