**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Cr. No. 24-cr-00012-MRD-PAS** |
| **KYLE REYNOLDS** | |

### GOVERNMENT'S SENTENCING MEMORANDUM

The defendant will be sentenced for his unlawful possession of a firearm after conviction of a felony. The defendant's conduct should result in meaningful punishment.

The defendant came to the attention of agents when he posted threatening and hateful online messages. These messages coupled with further investigation provided probable cause for a search warrant at his residence. PSR @ ¶ 14. The affidavit supporting the application for the warrant, attached as Exhibit 1 (along with the search warrant and search warrant application), chronicled the defendant's threatening messages, as well as photos and claims of weapons possession. When agents executed the warrant in January 2024, they located and seized hundreds of rounds of ammunition. Further investigation established that the defendant possessed a shotgun and semi-automatic firearm in 2022 and 2023.

What motivated the defendant to create and distribute threatening and hateful messages to the world is not addressed in the PreSentence Report. The report describes no period of noncompliance during the defendant's pretrial release. PSR @ ¶11.

1

However, the origins of the defendant's xenophobia remain unknown and it is also uncertain whether those motivations remain. Because of this, the government urges the Court to adequately assess specific deterrence when fashioning an appropriate sentence. *See* 18 U.S.C. § 3553(a)(2)(B).

The advisory guideline range is 24-30 months imprisonment. After careful consideration of the facts in this case, which includes an assessment of the defendant's role in the criminal conduct, the government recommends that any sentence imposed by the Court include some restriction on the defendant's freedom, in recognition of the seriousness of the offense, the need to specifically deter him from engaging in future firearms offenses and to protect the public from future crimes committed by him. A sentence which includes 24 months confinement is at the low end of the advisory guideline range and consistent with the government's pledge in the plea agreement to recommend a guideline range sentence. The government believes that this is sufficient, but not greater than necessary to achieve all of the sentencing objectives found at 18 U.S.C. § 3553.

## Conclusion

The sentence in this case must promote respect for the law and provide just punishment. It must also deter the defendant and others from participating in crimes such as this.

The recommended sentence delivers the right message and reflects the need for a just and appropriate sentence. Based upon all of the above, the United States urges the

Court to adopt the recommended sentence.

Respectfully submitted,

TODD BLANCHE
Acting Attorney General

CHARLES C. CALENDA
First Assistant United States Attorney

PAUL F. DALY, JR.

Assistant United States Attorney
One Financial Plaza, 17th Floor
Providence, RI 02903
(401) 709-5000
paul.daly@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2026, a copy of the within "Government's Sentencing Memorandum" was filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

Joanne Daley, Esq.

PAUL F. DALY, JR.
Assistant United States Attorney
One Financial Plaza, 17th Floor
Providence, RI 02903
(401) 709-5000
paul.daly@usdoj.gov

3